(No. 4838-

DONALD W. HUTCHINSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1961.*

CHARLES M. LOVERDE, Attorney for Claimant.

WILLIAM L. GUILD, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant, Donald W. Hutchinson, has filed an amended statement of claim for property damage to his vehicle in the amount of $710.00.

It appears that on August 28, 1957, at or about the hour of 10:00 A.M., at the intersection of U. S. Route No. 66 and Towando Avenue, which is located about five

miles north of Bloomington, McLean County, Illinois, claimant was proceeding in a northerly direction in the right-hand lane on Route No. 66. Route No. 66 at that point is a four-lane highway, which is divided by a gravel strip of approximately five feet in width. Milton Wasserman, a member of the Illinois National Guard, was proceeding in a southerly direction on U. S. Route No. 66, driving a 2½ ton army vehicle. It was drizzling at the time of the accident, and, as a result of the same, the highway was wet and presumably in somewhat of a slippery condition.

It appears that the truck driven by Wasserman skidded across the gravel divider and struck claimant's vehicle on the left side immediately behind the driver's seat. There seems to be no dispute that both drivers, immediately prior to the accident, were traveling at a lawful rate of speed.

Claimant, being a resident of California at the time this matter was heard, supplemented his personal appearance with an evidentiary deposition, which was properly admitted into evidence. In the deposition claimant swore to the fact that, as he was proceeding along his side of the highway, he observed the army vehicle when it was a considerable distance ahead. Claimant also stated that he saw the army vehicle go into a skid, and, as he was crossing a point in the highway, identified as the intersection of U. S. Route No. 66 and Towando Avenue, the army truck suddenly veered over to his side of the highway and struck his vehicle behind the driver's seat. At the point of impact claimant's car was just past the intersection and proceeding in a northerly direction. Claimant stated that he may have applied his brakes instinctively when he saw the truck skidding, although he didn't have any particular recollection of it, because he did not consider himself to be in any danger.

Wasserman's version of the accident is that, as he approached the intersection of Towando Avenue and Route No. 66, a vehicle, identified as a Chevrolet with an unidentified driver, was proceeding in a southerly direction in front of him. The truck driver also stated that the Chevrolet vehicle, prior to the point of the accident, signaled for a right-hand turn. Wasserman, seeing that the road was clear, moved to the left lane in order to pass the Chevrolet. As he was about to pass, the Chevrolet moved toward the left and partially blocked the left-hand, southbound passing lane, forcing the army driver to apply his brakes in an attempt to avoid colliding with the Chevrolet. As a result of this emergency situation, causing Wasserman to suddenly apply his brakes, the 2½ ton truck went into a skid causing the truck to leave the highway, veer across the gravel divider, and strike the left side of claimant's 1956 Chrysler 4-door sedan.

The law is clear in Illinois that a driver acting in a sudden emergency need not use the same degree of self possession and coolness as when there is no imminent peril, but he is required to act as an ordinarily prudent person would act under similar circumstances. On the other hand, the fact that a driver is confronted with a sudden emergency does not lessen his duty to use ordinary and reasonable care, but the emergency is one of the circumstances to be considered in determining whether he did exercise such care. The fact that a driver is guilty of error of judgment, or might have taken some other course of action, does not indicate a lack of due care when an ordinarily prudent person would have acted similarly under the circumstances. However, a driver, whose failure to use due care causes him to swerve suddenly to avoid one car, cannot escape liability for striking another, which was traveling in its proper place on the highway.

The facts in the instant case show that claimant was proceeding in his proper lane of traffic at a lawful rate of speed, and was exercising due care as an ordinarily prudent person would have done under similar circumstances.

The facts also show that the driver of the army vehicle was a contributing factor to the emergency situation, which was created by the unidentified driver of the Chevrolet proceeding immediately in front of him, in that he had knowledge that the highway was wet and possibly slippery, and that a sudden application of the brakes would very likely cause his vehicle to skid and possibly go out of control.

Therefore, taking all the facts and circumstances into consideration, the necessary conclusion in this case is that claimant did not contribute to the accident in any way, but that Milton Wasserman, driver of the army vehicle, did not, at the time of the accident, have proper management and control of his vehicle, and by not having proper management and control of his vehicle negligently caused the damage to claimant's car.

Commissioner George W. Presbrey heard this case, and recommended that an award of $710.00 be paid to claimant, Donald W. Hutchinson, for damages to his motor vehicle, which under the facts and circumstances of this case is a proper recommendation.

It is, therefore, the order of this Court that the sum of $710.00 be awarded to Donald W. Hutchinson.